UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

MENACHAM TAUBENFLIEGEL, on behalf of
himself and all other similarly situated consumers,

                     Plaintiff,

             v.

UNITED COLLECTION BUREAU, INC.,

                     Defendant.

**MEMORANDUM & ORDER**
18-CV-2005 (MKB)

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Menacham Taubenfliegel commenced the above-captioned putative class action against Defendant United Collection Bureau, Inc. on April 4, 2018, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"). (Compl., Docket Entry No. 1.) Plaintiff alleges that Defendant's debt collection letter violates sections 1692e and 1692g of the FDCPA by failing to inform him whether the amount listed is the actual amount of the debt due. (*Id*. ¶¶ 9–28.) Currently before the Court is Defendant's motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Def. Mot. for J. on the Pleadings ("Def. Mot."), Docket Entry No. 11; Def. Mem. in Supp. of Def. Mot. ("Def. Mem."), Docket Entry No. 12.) Plaintiff opposes the motion. (Pl. Resp. to Def. Mot. ("Pl. Resp."), Docket Entry No. 15.) For the reasons discussed below, the Court grants Defendant's motion.

    **I. Background**

      On April 4, 2017, Defendant sent Plaintiff a debt collection letter seeking to collect a balance owed on a debt incurred for personal purposes (the "Debt Collection Letter"). (Compl.

¶ 10; Debt Collection Letter, annexed to Compl. as Ex. 1, Docket Entry No. 1.) The Debt Collection Letter states the balance due as of the date of letter, $3166.52, and includes the following language:

> As of the date of this letter, you owe the above stated New Balance amount. Because of interest and/or other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after your payment is received. For further information, you may write to our office or call the telephone number within this communication.

(Debt Collection Letter.) Plaintiff contends that the Debt Collection Letter "fails to inform Plaintiff whether the amount listed is the actual amount of the debt due, [and] what other interest or charges might apply." (Compl. ¶ 15.) In addition, Plaintiff alleges that the Debt Collection Letter violates the FDCPA because it "does not provide any explanation or information about the claimed accruing interest and charges." (*Id*. ¶ 16.)

## II. Discussion

### a. Standard of review

"In deciding a Rule 12(c) motion, [courts] 'employ[ ] the same . . . standard applicable to dismissals pursuant to [Rule] 12(b)(6). Thus, [courts] will accept all factual allegations in the [c]omplaint as true and draw all reasonable inferences in [the plaintiff's] favor.'" *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 429 (2d Cir. 2011) (second, third and fifth alteration in original) (quoting *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009)); *see also Lanning v. City of Glens Falls*, 908 F.3d 19, 22 (2d Cir. 2018) ("We construe the factual allegations in the light most favorable to . . . the losing party."); *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006) ("The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." (citation omitted)). On a Rule 12(c) motion, the court relies "on the complaint, the answer, any written

documents attached to them, and any matter which" the court "can take judicial notice for the background of the case." *Lanning*, 908 F.3d at 22 (quoting *Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009)). "To survive a Rule 12(c) motion, the complaint must contain sufficient factual matter to 'state a claim to relief that is plausible on its face.'" *Graziano v. Pataki*, 689 F.3d 110, 114 (2d Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ. of City Sch. Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011) (discussing Rule 12(b)(6)) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717–18 (2d Cir. 2013). However, the court need not accord "a legal conclusion couched as a factual allegation" the same presumption of truthfulness. *N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, 709 F.3d 109, 120 (2d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678).

    **b.   Plaintiff fails to state an FDCPA claim**

Defendant argues that the Debt Collection Letter does not violate the FDCPA because it contains the safe harbor language approved by the Second Circuit in *Avila v. Riexinger & Associates LLC*, 817 F.3d 72, 74 (2d Cir. 2016). (Def. Mem. 5–6.)

Plaintiff argues that the Debt Collection Letter violates the FDCPA because "it omits information allowing the least sophisticated consumer to determine the minimum amount he or she owes at the time of the notice, what he or she will need to pay to resolve the debt at any given moment in the future, and an explanation of any fees and interest that will cause the balance to increase." (Pl. Resp. 5.)

"Congress enacted the FDCPA 'to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection

3

practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *Vincent v. The Money Store*, 736 F.3d 88, 96 (2d Cir. 2013) (quoting 15 U.S.C. § 1692e); *see also Carlin v. Davidson Fink LLP*, 852 F.3d 207, 214 (2d Cir. 2017) ("We have . . . recognized that the 'FDCPA was passed to protect consumers from deceptive or harassing actions taken by debt collectors.'" (emphasis omitted) (quoting *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002))). "To accomplish these goals, the FDCPA creates a private right of action for debtors who have been harmed by abusive debt collection practices." *Benzemann v. Citibank, N.A.*, 806 F.3d 98, 100 (2d Cir. 2015) (citing 15 U.S.C. § 1692k).

To establish a violation under the FDCPA, "(1) the plaintiff must be a 'consumer' who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, (2) the defendant collecting the debt [must be] considered a 'debt collector,' and (3) the defendant [must] ha[ve] engaged in an[ ] act or omission in violation of FDCPA requirements." *Polanco v. NCO Portfolio Mgmt., Inc. (Polanco II)*, 132 F. Supp. 3d 567, 578 (S.D.N.Y. 2015) (quoting *Plummer v. Atl. Credit & Fin., Inc.*, 66 F. Supp. 3d 484, 488 (S.D.N.Y. 2014)); *see also Corwise v. FMS Inv. Corp.*, 758 F. App'x 213, 214 (2d Cir. 2019) (finding that the FDCPA "requires specific disclosures by a debt collector within five days after an initial communication with a consumer").

"In the Second Circuit, 'the question of whether a communication complies with the FDCPA is determined from the perspective of the 'least sophisticated consumer.''" *Kolbasyuk v. Capital Mgmt. Servs., LP*, 918 F.3d 236, 239 (2d Cir. 2019) (quoting *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008)). "[A] collection notice may violate the FDCPA when it is sufficiently ambiguous to give rise to a reasonable, but inaccurate, interpretation." *Id*.

4

### i. Section 1692g claim

Defendant argues that Plaintiff's section 1692g claim fails because the Debt Collection Letter adequately provides the minimum amount due and Plaintiff's current balance. (Def. Mem. 8.)

Plaintiff argues that the Debt Collection Letter violates section 1692g because it does not provide with specificity the rate of interest and thus fails to adequately inform him as to the amount of the debt. (Pl. Resp. 10, 16.)

Section 1692g requires that "within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing . . . the amount of the debt." 15 U.S.C. § 1692g(a)(1); *see Kolbasyuk*, 918 F.3d at 240 (holding that section 1692g requires a statement of "the total, present quantity of money that the consumer is obligated to pay"). In *Kolbasyuk*, a case decided after the parties briefed the current motion, the Second Circuit found that "a debt collection letter that informs the consumer of the total, present quantity of his or her debt satisfies section 1692g, notwithstanding its failure to inform the consumer of the debt's constituent components or the precise rates by which it might later increase."[1]  918 F.3d at 241. In *Kolbasyuk*, the debt collector sent the plaintiff a collection letter stating the then current amount of the plaintiff's debt. *Id*. at 238. The collection letter also included the following language:

> As of the date of this letter, you owe $ 5918.69. Because of interest,

---

[1] On April 15, 2019, the Court ordered Plaintiff to show cause why this action should not be dismissed in light of the Second Circuit's recent decisions in *Kolbasyuk v. Capital Management Services*, 918 F.3d 236 (2d Cir. 2019), and *Taubenfliegel v. EGS Financial Care, Inc.*, --- F. App'x ---, ---, 2019 WL 1499856 (2d Cir. Apr. 4, 2019). (Order to Show Cause dated Apr. 15, 2019.) Plaintiff failed to respond.

> late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For more information, write the undersigned or call 1-877-335-6949.

*Id*. at 238–39. The plaintiff argued that the collection letter violated section 1692g because the "letter did not include the required 'amount of the debt' because it failed to inform him, *inter alia*, 'what portion of the amount listed is principal,' 'what 'other charges' might apply,' 'if there is 'interest,' 'when such interest will be applied,' and 'what the interest rate is.'" *Id*. at 240. The Second Circuit affirmed the lower court's decision rejecting the plaintiff's section 1692g claim and affirming that the text of section 1692g only requires that a debt collector inform a consumer of the "amount of the debt," which is "the total, present quantity of money that the consumer is obligated to pay." *Id*. at 240. Because the debt collector informed the plaintiff of the "total, present quantity of money that [the plaintiff] was obligated to pay [the creditor] as of the date of [the debt collector's] letter," the plaintiff's section 1692g claim failed. *Id*.; *see also Taubenfliegel v. EGS Financial Care, Inc.*, --- F. App'x ---, ---, 2019 WL 1499856, at *2 (2d Cir. Apr. 4, 2019) (reiterating the court's holding in *Kobalsyuk* that a debt collection letter complies with section 1692g when it includes "a statement of 'the total, present quantity of money that the consumer is obligated to pay'" (quoting *Kobalsyuk*, 918 F.3d at 240)).

Like the defendant in *Kolbasyuk*, Defendant informed Plaintiff of "the total, present quantity of money due" as of the date of the letter: "New Balance: $3,166.52." (Debt Collection Letter.) Section 1692g does not demand more. Accordingly, Plaintiff's section 1692g claim fails. *See Taubenfliegel*, --- F. App'x ---, ---, 2019 WL 1499856, at *2 (dismissing the plaintiff's section 1692g claim because the defendant's letter "stated [the plaintiff's] total debt balance as of the date of the letter was sent, and 'nothing in section 1692g required [the defendant] to inform

6

[the plaintiff] of the constituent components of that debt or the precise rates by which it might later increase.'" (quoting *Kolbasyuk*, 918 F.3d at 240)).

### ii. Section 1692e claim

Defendant argues that Plaintiff's section 1692e claim fails because the Debt Collection Letter "utilized the safe harbor language approved by the Second Circuit." (Def. Mem. 6.)

Plaintiff argues that Defendant's Debt Collection Letter violates section 1692e because "it is open to more than one reasonable interpretation." (Pl. Resp. 5.)

Section 1692e prohibits "false, deceptive, or misleading representations." 15 U.S.C. § 1692e; *see also Kolbasyuk*, 918 F.3d at 241 (stating that section 1692e "provides that '[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.'" (quoting 15 U.S.C. § 1692e)); *Delfonce v. Eltman Law, P.C.*, 712 F. App'x 17, 19 (2d Cir. 2017) ("Section 1692e prohibits a debt collector from using 'any false, deceptive, or misleading representation or means in connection with the collection of any debt' and sets forth a non-exhaustive list of prohibited conduct" (citing 15 U.S.C. § 1692e)). "A representation is 'deceptive' under section 1692e if it is 'open to more than one reasonable interpretation, at least one of which is inaccurate.'" *Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP*, 875 F.3d 128, 135 (2d Cir. 2017) (quoting *Easterling v. Collecto, Inc.*, 692 F.3d 229, 233 (2d Cir. 2012)). The reasonableness of an interpretation is analyzed "from the perspective of the 'least sophisticated consumer,' who . . . lacks the sophistication of the average consumer and may be naive about the law, but is rational and possesses a rudimentary amount of information about the world." *Id.* (citing *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 134–35 (2d Cir. 2010)).

In *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark L.L.C.*, 214 F.3d 872, 876 (7th Cir. 2000), the Seventh Circuit held that a debt collector who uses the following language

"satisfies the debt collector's duty to state the amount of the debt in cases like this where the amount varies from day to day":

> As of the date of this letter, you owe $___ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1–800– [phone number].

This language became known as the "safe harbor" language. *Id*. The court in *Miller* held that a debt collector who uses this language would not violate the "amount of the debt" provision, "provided, of course, that the information [the debt collector] furnishes is accurate and [the debt collector] does not obscure it by adding confusing other information (or misinformation)." *Id*. (alterations in original). In *Avila*, the Second Circuit adopted the Seventh Circuit's reasoning in *Miller* and held that "a debt collector will not be subject to liability under section 1692e for failing to disclose that the consumer's balance may increase due to interest and fees if the collection notice either accurately informs the consumer that the amount of the debt stated in the letter will increase over time . . . ." 817 F.3d at 77. The Second Circuit further held that "[u]sing the language set forth in *Miller* will qualify for safe-harbor treatment." *Id*.

In *Kolbasyuk*, the Second Circuit reiterated that "use of the *Miller* 'safe harbor' language immunizes a debt collector from a section 1692e claim predicated upon an alleged 'fail[ure] to disclose that the consumer's balance may increase due to interest and fees.'" 918 F.3d at 242 (quoting *Avila*, 817 F.3d at 55). The court found that the following language tracks the "safe harbor" language in *Miller*:

> Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection.

8

*Id.* The court also rejected the plaintiff's section 1692e claim premised on the debt collector's "failure to provide him with a precise breakdown of his debt or to inform him of the precise interest he might incur going forward" because a "failure to provide the additional detailed disclosures that [the plaintiff] seeks does not transform [the debt collector's] otherwise-straightforward letter into a 'false, deceptive, or misleading' one." *Id*.

Defendant utilized the "safe harbor" language the Second Circuit explicitly endorsed in *Kolbasyuk*. The Debt Collection Letter states:

> As of the date of this letter, you owe the above stated New Balance amount. Because of interest and/or other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after your payment is received. For further information, you may write to our office or call the telephone number within this communication.

(Debt Collection Letter.) Defendant provided the current amount owed and an explicit warning that the debt amount may increase over time. Accordingly, based on *Kolbasyuk* and because Plaintiff fails to show that any language in the Debt Collection Letter "could be fairly characterized as 'false, deceptive, or misleading,'" Plaintiff fails to plausibly plead a section 1692e claim. *Kolbasyuk*, 918 F.3d at 242; *see also Corwise*, 758 F. App'x at 214 (finding that the defendant's collection letter satisfied the requirements of section 1692e because the letter "advises that the debt may increase over time"); *Taubenfliegel*, --- F. App'x at ---, 2019 WL 1499856, at *1 (finding that because the defendant's letter "advises that the debt may increase over time," the plaintiff failed to state a section 1692e claim).

### III. Conclusion

For the foregoing reasons, the Court grants Defendant's motion for judgment on the pleadings. The Clerk of Court is directed to enter judgment for Defendant and to close this case.

Dated: May 1, 2019
       Brooklyn, New York

                                      SO ORDERED:

                                        <u>    s/ MKB          </u>
                                        MARGO K. BRODIE
                                        United States District Judge